**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INTERFAITH COMMUNITY ORGANIZATION, INC., GRACO COMMUNITY ORGANIZATION, and NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PPG INDUSTRIES, INC., <br><br> Defendant. | Civil Action No. 09-0480 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Defendant PPG Industries, Inc. ("PPG") for reconsideration of the March 26, 2010 order entered by the Hon. Joseph A. Greenaway, Jr., U.S.C.J., that denied PPG's motion for summary judgment.[1]  (Doc. No. 43.) PPG's present motion is opposed by Plaintiffs Interfaith Community Org., Graco Community Org., and Natural Resources Defense Council, Inc. (collectively "Plaintiffs").  The Court has considered the parties' submissions and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Court will deny PPG's

---

[1] When PPG's underlying summary judgment motion was filed, Judge Greenaway presided over this case as a United States District Judge.  Before PPG's motion for summary judgment motion was decided, however, Judge Greenaway was elevated to the United States Court of Appeals for the Third Circuit.  For purposes of deciding PPG's summary judgment motion, Judge Greenaway sat on the District Court by designation.  After PPG's summary judgment motion was decided, the case was reassigned to the undersigned.

motion for reconsideration.

**I.     BACKGROUND**

This case arises from a complaint filed by Plaintiffs under the imminent and substantial endangerment citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"). (Am. Compl.; Doc. No. 25)  The complaint alleges PPG contributed to chromium waste from 1954 to 1963 at a chrome production facility operated at 880 Garfield Avenue, Jersey City, New Jersey ("Garfield Site").  (JAG Mem. Op. 2; Doc. No. 41)  The Garfield Site and other areas contaminated by chromium waste were the subject of litigation in New Jersey state court after the New Jersey Department of Environmental Protection ("DEP") sought remediation of the chromium waste under the New Jersey Spill Compensation and Control Act ("Spill Act").  (*Id.*)  Ultimately, in early 2009, PPG and the DEP agreed to terms on a Consent Judgment that resolved the litigation between those entities.[2] (*Id.*)

On February 3, 2009, at approximately the same time PPG and the DEP agreed to the Consent Judgment, Plaintiffs filed the complaint that gave rise to this case.  An amended complaint followed on June 24, 2009.  Shortly thereafter, on July 7, 2009, PPG filed its underlying motion for summary judgment, or alternatively, for abstention or a stay of this case.  On March 26, 2010, Judge Greenaway (the "Court") denied PPG's motion.  In the accompanying opinion, the Court addressed the spectrum of issues raised by PPG and ruled against PPG.  Of import here, the Court ruled that circumstances which might warrant abstention under various doctrines are not present in this case.  PPG's instant motion seeks reconsideration of the Court's

---

[2] Further detail on the background of this matter is available in Judge Greenaway's March 26, 2010 Opinion.

determination that abstention pursuant to the *Burford* and primary jurisdiction doctrines are were not warranted. Alternatively, PPG seeks leave to file an interlocutory appeal.

**II.    DISCUSSION**

PPG's motion for reconsideration asserts that there is new evidence available that might have altered the Court's March 26 decision not to abstain pursuant to either the *Burford* or primary jurisdiction doctrines. (Def.'s Br. 4; Doc. No. 43.) In general, PPG laments that it "did not focus the Court's attention enough on the factual and legal significance of the [DEP] enforcement action under the [NJSA] and other applicable environmental laws in the earlier and ongoing New Jersey Superior Court case."[3] (Def.'s Br. 1; Doc. No. 43.) In particular, PPG advances evidence that purportedly demonstrates the Consent Judgment is being implemented and contamination of the Garfield Avenue site is being addressed. (*Id.* at 5.)

If PPG's forgoing arguments for reconsideration fail, PPG asks the Court to modify the March 26 decision to provide for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Def.'s Br. 13; Doc. No. 43.) In support of this request, PPG asserts that abstention under the *Burford* and primary jurisdiction doctrines are controlling questions of law, upon which there is a substantial ground for difference of opinion, and that an immediate appeal could materially advance the ultimate termination of the litigation. (*Id.*)

In opposition to PPG's motion for reconsideration, Plaintiffs argue that the evidence PPG advances is immaterial and is not new. (Pls.' Opp. Br. 3; Doc. No. 45.) Additionally, Plaintiffs

---

[3] The Court notes that this phraseology, which is repeated at several points throughout PPG's moving brief, appears to signal a collateral attack on the March 26 decision. Local Civil Rule 7.1, of course, does not contemplate simple re-litigation of issues already decided. Given the Court's ultimate denial of this motion on other grounds, however, the Court shall not discuss this issue further.

argue that there is no clear error of law or manifest injustice that renders reconsideration of the March 26 decision appropriate, and that interlocutory appeal should not be allowed.  (*Id.* at 5.)

      A.      **Standard of Review**

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1.  The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case."  *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'"  *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

      B.      **APPLICATION**

          *1.*      *Whether Material New Evidence is Available*

PPG moves for reconsideration on the grounds that additional material facts are now available that were not when PPG filed its motion for summary judgment.  To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the disposition of the case.  *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008).  Additionally, the moving party has the burden of

demonstrating the evidence was unavailable or unknown at the time of the original hearing. *Desantis v. Alder Shipping Co.*, No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.*, No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

PPG contends the evidence it advances indicates that *Burford* abstention should apply. PPG argues this "new" evidence demonstrates the Consent Judgment is being implemented and contamination addressed, and therefore that a complex state regulatory scheme exists. (Def.'s Br. 5; Doc. No. 43.)  The Court finds that the evidence submitted by PPG does not alter the disposition of this case, and therefore reconsideration is not warranted.  In his March 26 opinion, Judge Greenaway declined to abstain under *Burford* because, among other reasons, "New Jersey's ability to create a coherent environmental policy would not be disrupted by this Court's exercise of jurisdiction." (Op. 20-21; Doc. No. 41.)   Judge Greenaway supported his finding by noting "the mere fact that a state agency has taken some action on the waste at issue here does not make this Court's subsequent involvement a disruptive intrusion into the state's capacity to create a coherent policy." (*Id.* at 21.)  Furthermore, Judge Greenaway found that there is "no regulatory process at issue" that justifies abstention. (*Id.* at 23.)  The evidence advanced by PPG simply does not alter Judge Greenaway's findings.  Plainly, Judge Greenaway was aware of the nature and history of PPG's agreement with the DEP at the time of the March 26 opinion and did not find the Consent Judgment reason to abstain. (*Id.* 2-3.)   The largely ministerial details advanced by PPG regarding the Consent Judgment do not justify reconsideration of Judge Greenaway's March 26, 2010 decision.

    2.    *Whether the Court Focused on Key Matters Justifying Abstention*

In its motion for reconsideration, PPG also argues the Court did not focus on key matters justifying abstention under *Burford* or the primary jurisdiction doctrine. PPG argues: (1) abstention is proper under *Burford* because Plaintiffs had timely and adequate state court review available; and (2) the Court should reconsider PPG's primary jurisdiction argument and find that the Court should abstain from exercising jurisdiction.

With regard to the first argument, the Court found Plaintiffs do not have a timely and adequate state court review available to them because state courts lack jurisdiction over the RCRA and that the RCRA is not the functional equivalent to the Spill Act. (Op. at 20.) Although PPG again argues these laws are functionally equivalent, this issue was previously briefed and has been decided by Judge Greenaway. PPG's disagreement with Judge Greenaway's conclusion on that issue is not a valid ground for reconsideration.

Next, PPG argues that *Maine People's Alliance v. Holtrachem Mfg*. Co., No. 00-69-B-C, 2001 WL 1602046 *8 (D. Me. Dec. 14, 2001), which the Court cited in the March 26 opinion, is factually inapposite and actually supports primary jurisdiction abstention. (Def.'s Br. 12; Doc. No. 43.) The Court does not find this argument compelling. Judge Greenaway quoted dicta from *Maine People's Alliance* to support his analysis of a factor determining if primary jurisdiction abstention applies. (Op. 26.) The Court did not claim that case was factually analogous. Thus, PPG has simply pointed out an irrelevant distinction between the cases that is not controlling and does not warrant reconsideration of this matter.

In sum, the Court finds there is no clear error of law present and no manifest injustice will result from this Court's declination to reconsider Judge Greenaway's prior decision on these

issues.[4]

       3.     *Defendants' Alternative Request for Certification for Interlocutory Appeal*

In the alternative, PPG seeks certification for interlocutory appeal. (Def.'s Br. 13; Doc. No. 43.) The Court may grant certification under 28 U.S.C. § 1292(b) provided that the issue Defendants raise for reconsideration: (1) involves a controlling question of law upon which there is; (2) substantial grounds for difference of opinion as to its correctness; and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *Katz*, 496 F.2d at 754. Any appeal under 28 U.S.C. § 1292(b) represents a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)).

In this case, there is not a substantial grounds for difference of opinion as to the legal standard for abstention. "Mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). The "difference of opinion" must be a "genuine doubt as to the correct legal standard." *Id.* PPG has not asserted that the Court applied

---

[4] In reaching this conclusion the Court briefly acknowledges the supplemental letters submitted by the parties that address the recent opinion of Judge Joel A. Pisano, U.S.D.J., in *Raritan Baykeeper, Inc. V. NL Indus. Inc.*, 2010 WL 2079749 (D.N.J. May 26, 2010). PPG argues that *Raritan* represents an intervening change in controlling law that renders reconsideration of Judge Greenaway's decision not to abstain appropriate. Plaintiffs counter that Judge Pisano's decision in *Raritan* cited Judge Greenaway's underlying opinion, applied the same legal standard, but simply reached a different conclusion based upon different facts. The Court agrees with Plaintiffs that *Raritan* does not constitute an intervening change of law and does not compel reconsideration in this case. For that reason, PPG's additional argument in favor of interlocutory appeal based upon *Raritan* is unavailing.

the wrong legal standard. Instead, PPG simply disagrees with the result of the Court's application of that standard. That argument therefore fails.

Finally, PPG argues that interlocutory appeal is appropriate because Judge Greenaway declined to follow certain cases in other districts and circuit courts of appeal that are not controlling on this Court. Those arguments are not meritorious because the Court has no duty to follow non-controlling law. Because PPG has not shown there is a substantial difference of opinion as to a legal standard used by this Court to decide this case, certification for interlocutory appeal is not appropriate.

### III.  CONCLUSION

For the foregoing reasons, PPG's motion for reconsideration will be denied. (Doc. No. 43) An appropriate form of order is filed herewith.

Dated: July 12, 2010

                                                  /s/ Garrett E. Brown, Jr.
                                           GARRETT E. BROWN, JR., U.S.D.J.